1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **EASTERN DISTRICT OF CALIFORNIA**

10

11   JONATHAN ELLIOTT HIGGINS,            )   Case No.: 1:16-cv-00804-DAD-SAB (PC)
                                          )
12               Plaintiff,               )   ORDER DIRECTING CLERK OF COURT TO
                                          )   FILE SECOND AMENDED, LODGED OCTOBER
13        v.                              )   31, 2016, AND DISMISSING SECOND
                                          )   AMENDED COMPLAINT, WITH LEAVE TO
14   LOUIS RODRIGUEZ, et al.,             )   AMEND, FOR FAILURE TO STATE A
                                          )   COGNIZABLE CLAIM FOR RELIEF
15               Defendants.              )
                                          )   [ECF No. 20]
16   _____ )

17        Plaintiff Jonathan Elliott Higgins is appearing pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19                                           **I.**

20                                    **RELEVANT HISTORY**

21        Plaintiff filed the instant action on June 10, 2016.

22        On August 3, 2016, Plaintiff filed a motion to dismiss Case No. 1:16-cv-00819-DAD-EPG

23   (PC), as duplicative of the instant action.  (ECF No. 7.)  The Court denied Plaintiff's motion on

24   August 23, 2016, finding that the motion was moot given that a Findings and Recommendation issued

25   in that case recommendation the case be dismissed as duplicative.  (ECF No. 10.)

26        Pursuant to the Court's September 14, 2016, order in Case No. 1:16-cv-00819-DAD-EPG

27   (PC), the first amended complaint from that action was filed in this action.  (ECF No. 18.)

28

                                              1

1     Then, on October 31, 2016, Plaintiff submitted a second amended complaint in this action,

2 which was lodged by the Court.  (ECF No. 20.)  The second amended complaint is almost identical to

3 the first amended complaint.  Although Plaintiff submitted a first amended complaint on June 24,

4 2016, given the confusion between Plaintiff's previous filing, the Court will grant Plaintiff leave to

5 submit and will file the second amended complaint, which is now before the Court for screening.[1]

6

## II.

## SCREENING REQUIREMENT

8     The Court is required to screen complaints brought by prisoners seeking relief against a

9 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

10 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

11 "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

12 monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

13 A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled

14 to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare

15 recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

16 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

17 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the

18 deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d

19 1011, 1020-1021 (9th Cir. 2010).

20     Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

21 liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

22 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive

23 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow

24 the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal,

25 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer

26

27 [1] Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

28 Fed. R. Civ. P. 15(a)(2).

possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely

consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556

U.S. at 678; Moss, 572 F.3d at 969.

### III.

### COMPLAINT ALLEGATIONS

On March 5, 2016, Plaintiff submitted a CDCR Form 22 to the correctional food manager

which stated, "lately for the past month or two months the food portions have been inadequate."

Correctional cook S. Rolin responded stating "thank you for bringing this to our attention, we will

monitor and supervise the preparation of the food more closely to ensure the proper portions are being

served."

On March 6, 2016, Plaintiff received a Halal/RMA tray which was missing mashed potatoes.

On March 7, 2016, peanut butter was missing on Plaintiff's Halal diet tray.

On March 14, 2016, Plaintiff submitted another CDCR Form 22 to the correctional food

manager asking why the food trays do not contain the appropriate ounces of food and requested that

the food service manager monitor the amount of good that is placed on the inmate trays.  Plaintiff felt

that the sensitive need yard buildings (and his religious meals as well) were the only food trays being

impacted.

On March 16, 2016, the meat alternative was missing from Plaintiff's food tray.

On March 22, 2016, Plaintiff only received cornmeal mush and apple sauce.

On March 23, 2016, the religious Halal meat alternative of eggs was missing from Plaintiff's

food tray.

On March 23, 2016, mop head fragments were in the coffee that was served at morning

breakfast, and Plaintiff filed a complaint.

On March 26, 2016, S. Rolin interviewed Plaintiff and she told him that staff monitor the

portions of the food on the tray, and staff will continue to perform such monitoring.

On March 27, 2016, Plaintiff did not receive the Halal substitute of breaded chicken patty.

On March 28, 2016, S. Rolin informed Plaintiff that staff would continue to monitor the food.

1   On April 3, 2016, Plaintiff submitted a request for medication because of the emotional stress

2   due to the food service problems.

3   On April 5, 2016, Plaintiff submitted a CDCR Form 22 which indicated that on April 1, 2016,

4   his food tray contained no potatoes, and on April 3, 2016, Plaintiff did not receive carrots.

5   On April 9, 2016, S. Rolin advised Plaintiff that staff would continue to monitor the

6   preparation of the coffee and beverages more closely.

7   On April 10, 2016, Plaintiff submitted a CDCR Form 22 indicating that he received a complete

8   breakfast, but his lunch did not contain the meat substitute.

9   On April 11, 2016, S. Rolin advised Plaintiff that staff would continue to monitor the food

10   trays.

11   On April 13, 2016, Plaintiff was interviewed by Doctor Allen.

12   On April 16, 2016, Plaintiff's religious meal contained inadequate portions of vegetables.

13   Plaintiff submitted another CDCR Form 22 on April 18, 2016.

14   On April 19, 2016, Plaintiff received his religious meal at dinner, everything was okay but

15   there was "literally 12 beans."

16   On April 21, 2016, Plaintiff was interviewed by Doctor Rahman who prescribed antipsychotic

17   and anxiety medications.

18   On April 22, 2016, Plaintiff submitted a CDCR Form 22 indicating that Plaintiff's lunch was

19   missing carrots and 2 of the 4 slices of bread.

20   On April 23, 2016, Plaintiff received only 2 of the 3 pancakes and the religious meal trays

21   were not wrapped.   On this same date, for dinner Plaintiff only received 1 of the 2 turkey hot dogs.

22   On May 3, 2016, Plaintiff did not receive his religious lunch.

23   **IV.**

24   **DISCUSSION**

25   **A.      Free Exercise of Religion and Religious Land Use and Institutionalized Persons**

26   **Act**

27   "[P]risoners retain the protections of the First Amendment" but their "right to freely exercise

28   [their] religion is limited by institutional objectives and by the loss of freedom concomitant with

4

1   incarceration."  Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013)

2   (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1997)).  The protections of the Free Exercise

3   Clause are triggered when prison officials substantially burden the practice of an inmate's religion by

4   preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but

5   an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to

6   legitimate penological interests.'"  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting

7   Turner v. Safley, 482 U.S. 78, 89 (1987)).

8          The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

9          No government shall impose a substantial burden on the religious exercise of a person
       residing in or confined to an institution. . . , even if the burden results from a rule of

10          general applicability, unless the government demonstrates that imposition of the burden
       on that person–

11          (1) is in furtherance of a compelling government interest; and

12          (2) is the least restrictive means of furthering that compelling government interest.

13   42 U.S.C. § 2000cc-1.  Plaintiff bears the initial burden of demonstrating that defendants substantially

14   burdened the exercise of his religious beliefs.  Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir.

15   2005).  If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of

16   [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental

17   interest *and* the least restrictive means of furthering that compelling governmental interest."  Id.

18   (emphasis in original).  "RLUIPA is to be construed broadly in favor of protecting an inmate's right to

19   exercise his religious beliefs."  Id.

20          First, Plaintiff has failed to set forth the "sincerely" held religious beliefs and requirements that

21   are being infringed upon.  Indeed, only beliefs which are both sincerely held and rooted in religious

22   beliefs trigger the Free Exercise Clause.  Shakur, 514 F.3d at 884-85 (citing Malik v. Brown, 16 F.3d

23   330, 333 (9th Cir. 1994)).  While Plaintiff alludes to violates of his religious beliefs and references

24   receipt of a Halal meal, Plaintiff does not set forth his sincerely held relief beliefs that were violated

25   by the meals he received at Wasco State Prison.  Without such factual information, the Court cannot

26   determine whether Plaintiff's claim is rooted in religious beliefs or relates to secular philosophical

27   concerns.  Malik, 16 F.3d at 333.  Second, Plaintiff's allegations of occasional missing and/or

28   incomplete food items are the sort of "relative short-term and sporadic" intrusions that do not amount

1   to a substantial burden on a prisoner's First Amendment free exercise rights, see Canell v. Lightner,

2   143 F.3d 1210, 1215 (9th Cir. 1998), or RLUIPA rights, see generally San Jose Christian College v.

3   City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004).  The incomplete meals took place

4   infrequently and appear to have been prepared by fellow inmates with supervision by staff.  Plaintiff

5   was repeatedly assured that staff monitored the food preparation and distribution, and after Plaintiff

6   complained he was again assured that Plaintiff would look into the situation and continue to monitor

7   the food preparation.  On these facts, the Court does not find a violation of the First Amendment or

8   RLUIPA.  However, Plaintiff will be provided the opportunity to amend the complaint, if he desires to

9   do so.

10          **B.      State Law Claim**

11          Plaintiff makes reference to a claim under state law, but fails to set forth any applicable state

12   law that he claims was violated.  Plaintiff may amend this claim, but is notified that if he fails to allege

13   a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction

14   over his state law claim, even if he cures the deficiencies and states a claim.  28 U.S.C. § 1367(c)(3);

15   Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust

16   v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

17          **C.      Appointment of Counsel**

18          As a request for relief, Plaintiff seeks the appointment of counsel.  Plaintiff does not have a

19   constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th

20   Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. §

21   1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296,

22   298 (1989).  However, in certain exceptional circumstances the court may request the voluntary

23   assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

24          Without a reasonable method of securing and compensating counsel, the court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

27   merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

28   legal issues involved."  Id.  (internal quotation marks and citations omitted).

6

1    In the present case, the court does not find the required exceptional circumstances.  Even if it

2   assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if

3   proved, would entitle him to relief, his case is not exceptional.  Plaintiff's allegations involve the free

4   exercise of his religion relating to improper meal preparation.  The legal issues present in this action

5   are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint.  However, at

6   this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to

7   succeed on the merits, and based on a review of the record in this case, the court does not find that

8   plaintiff cannot adequately articulate his claims.  Id.  Accordingly, Plaintiff's request for appointment

9   of counsel must be denied, without prejudice.

10                                                    **V.**

11                                         **CONCLUSION AND ORDER**

12    For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be

13   granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v.

14   Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

15   adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir.

16   2007) (no "buckshot" complaints).

17    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

18   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

19   Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties

20   and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

21   constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as

22   true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .

23   . ." Twombly, 550 U.S. at 555 (citations omitted).

24    Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc.,

25   114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be

26   "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All

27   causes of action alleged in an original complaint which are not alleged in an amended complaint are

28   waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.

1    1981)); accord Forsyth, 114 F.3d at 1474.

2           Based on the foregoing, it is HEREBY ORDERED that:

3           1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

4           2.      Plaintiff's second amended complaint, filed October 31, 2016, is dismissed for failure

5                   to state a claim;

6           3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

7                   amended complaint; and

8           4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action

9                   will be dismissed for failure to state a claim.

10

11   IT IS SO ORDERED.

12   Dated:    **February 17, 2017**

13                                                        UNITED STATES MAGISTRATE JUDGE

8