UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ELLIOTT HIGGINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS RODRIGUEZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:16-cv-00804-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 28] |

Plaintiff Jonathan Elliott Higgins is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed March 13, 2017.

**I.**

**RELEVANT HISTORY**

Plaintiff filed the instant action on June 10, 2016.

On August 3, 2016, Plaintiff filed a motion to dismiss Case No. 1:16-cv-00819-DAD-EPG (PC), as duplicative of the instant action. (ECF No. 7.) The Court denied Plaintiff's motion on August 23, 2016, finding that the motion was moot given that a Findings and Recommendation issued in that case recommendation the case be dismissed as duplicative. (ECF No. 10.)

Pursuant to the Court's September 14, 2016, order in Case No. 1:16-cv-00819-DAD-EPG (PC), the first amended complaint from that action was filed in this action. (ECF No. 18.)

1

Then, on October 31, 2016, Plaintiff submitted a second amended complaint in this action, which was lodged by the Court. (ECF No. 20.)

On February 17, 2017, the Court directed the Clerk to file the second amended complaint, and it was dismissed with leave to amend.

As previously stated, Plaintiff filed a third amended complaint on March 13, 2017, which is pending before the Court for screening.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely

consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.
### COMPLAINT ALLEGATIONS

Plaintiff is a practicing Sunnah Muslim and his relief belief is Al-Islam.  In order for Plaintiff to adhere to the strict Al-Islamic tenants of his faith he is forbidden to eat "dead animals, cattle-beast non slaughtered, blood, the flesh of swine, and the meat of that which has been slaughtered as a sacrifice for others than Allah, or has been slaughtered for Idols, or which Allah's name has not been mentioned while slaughtering, or by a violent blow, or by a head long fall, or by the goring of horns, and that which has been (partly) eaten by wild animals unless you are able to slaughter it (before its death) and that which is sacrificed (slaughtered) on stone alters."

On March 5, 2016, Plaintiff submitted a CDCR Form 22 to the correctional food manager which stated, "lately for the past month or two months the food portions have been inadequate."  Correctional cook S. Rolin responded stating "thank you for bringing this to our attention, we will monitor and supervise the preparation of the food more closely to ensure the proper portions are being served."

On March 6, 2016, Plaintiff received a Halal/RMA tray which was missing mashed potatoes.

On March 7, 2016, peanut butter was missing on Plaintiff's Halal diet tray.

On March 14, 2016, Plaintiff submitted another CDCR Form 22 to the correctional food manager asking why the food trays do not contain the appropriate ounces of food and requested that the food service manager monitor the amount of good that is placed on the inmate trays.  Plaintiff felt that the sensitive need yard buildings (and his religious meals as well) were the only food trays being impacted.

On March 16, 2016, the meat alternative was missing from Plaintiff's food tray.

On March 22, 2016, Plaintiff only received cornmeal mush and apple sauce.

On March 23, 2016, the religious Halal meat alternative of eggs was missing from Plaintiff's food tray.

On March 23, 2016, mop head fragments were in the coffee that was served at morning breakfast, and Plaintiff filed a complaint.

On March 26, 2016, S. Rolin interviewed Plaintiff and she told him that staff monitor the portions of the food on the tray, and staff will continue to perform such monitoring.

On March 27, 2016, Plaintiff did not receive the Halal substitute of breaded chicken patty.

On March 28, 2016, S. Rolin informed Plaintiff that staff would continue to monitor the food.

On April 3, 2016, Plaintiff submitted a request for medication because of the emotional stress due to the food service problems.

On April 5, 2016, Plaintiff submitted a CDCR Form 22 which indicated that on April 1, 2016, his food tray contained no potatoes, and on April 3, 2016, Plaintiff did not receive carrots.

On April 9, 2016, S. Rolin advised Plaintiff that staff would continue to monitor the preparation of the coffee and beverages more closely.

On April 10, 2016, Plaintiff submitted a CDCR Form 22 indicating that he received a complete breakfast, but his lunch did not contain the meat substitute.

On April 11, 2016, S. Rolin advised Plaintiff that staff would continue to monitor the food trays.

On April 13, 2016, Plaintiff was interviewed by Doctor Allen.

On April 16, 2016, Plaintiff's religious meal contained inadequate portions of vegetables.

Plaintiff submitted another CDCR Form 22 on April 18, 2016.

On April 19, 2016, Plaintiff received his religious meal at dinner, everything was okay but there was "literally 12 beans."

On April 21, 2016, Plaintiff was interviewed by Doctor Rahman who prescribed antipsychotic and anxiety medications.

On April 22, 2016, Plaintiff submitted a CDCR Form 22 indicating that Plaintiff's lunch was missing carrots and 2 of the 4 slices of bread.

On April 23, 2016, Plaintiff received only 2 of the 3 pancakes and the religious meal trays were not wrapped.   On this same date, for dinner Plaintiff only received 1 of the 2 turkey hot dogs.

On May 3, 2016, Plaintiff did not receive his religious lunch.

# IV.

# DISCUSSION

A.  **Free Exercise of Religion and Religious Land Use and Institutionalized Persons Act**

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1997)). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological interests.'" Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff's allegations of occasional missing and/or incomplete food items are the sort of "relative short-term and sporadic" intrusions that do not amount to a substantial burden on a prisoner's First Amendment free exercise rights, see Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998), or

RLUIPA rights, see generally San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004).  The incomplete meals took place infrequently and appear to have been prepared by fellow inmates with supervision by staff.  Plaintiff was repeatedly assured that staff monitored the food preparation and distribution, and after Plaintiff complained he was again assured that Plaintiff would look into the situation and continue to monitor the food preparation.  On these facts, the Court does not find a violation of the First Amendment and/or RLUIPA, and the action should be dismissed for failure to state a cognizable claim for relief.

## V.

## RECOMMENDATIONS

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's third amended complaint is largely identical to the second amended complaint.  Based upon the allegations in Plaintiff's original and amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a violation of the First Amendment and/or RLUIPA, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

//

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 21, 2017**

UNITED STATES MAGISTRATE JUDGE